**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000796
23-DEC-2015
08:38 AM**

NO. CAAP-14-0000796

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DENTON A. SATO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(1DTA-13-04986)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Denton A. Sato (Sato) appeals from the March 11, 2014 Judgment entered by the District Court of the First Circuit, 'Ewa Division (District Court).[1]  The District Court convicted Sato of one count of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2015).

On appeal, Sato argues that the District Court abused its discretion and violated his constitutional rights by admitting into evidence the results of his alcohol breath test, after erroneously

     (1)    admitting State's Exhibit 1, Sato's implied consent form based on inter alia, his request that the District Court determine whether his consent to submit to a breath test was voluntary.

     (2)    admitting State's Exhibits 2 and 3, each an "Intoxilyzer 8000 Accuracy Test Supervisor's Sworn Statement" (Intoxilyzer Supervisor's Accuracy Statement), which lacked a sufficient foundation and was hearsay;

---

[1]    The Honorable Paul B.K. Wong presided.

(3)  granting the State's request for judicial notice that the Intoxilyzer 8000's Internal Standards accuracy verification device had been approved by the State of Hawai'i, Department of Health (DOH), as indicated by a certified letter from the DOH to the Honolulu Police Department (HPD); and

(4)  admitting State's Exhibit 4, a "Sworn Statement of Intoxilyzer 8000 Operator" (Breath Test Result), Sato's breath test result, which lacked a proper foundation and was hearsay.

Further, Sato argues that (5) the State failed to show that the alcohol he allegedly consumed was "alcohol" as defined by HRS § 291E-1 (2007) and (6) the District Court erred in convicting him under HRS § 291E-61(a)(3) in the absence of substantial evidence that was properly admissible.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, and in light of the Hawai'i Supreme Court's recent decision in State v. Won, SCWC-12-0000858 (Haw. Nov. 25, 2015) we conclude the evidence of Sato's breath test was improperly admitted and as there was no other evidence of his blood alcohol content, there was insufficient evidence supporting his conviction under HRS § 291E-61(a)(3). Consequently, we reverse Sato's conviction for violation of HRS § 291E-61(a)(3).

Therefore, IT IS HEREBY ORDERED that the Judgment entered by the District Court of the First Circuit, 'Ewa Division, on March 11, 2014, is reversed.

DATED: Honolulu, Hawai'i, December 23, 2015.

On the briefs:

Timothy I. Mac Master
for Defendant-Appellant.

Presiding Judge

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge